IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **DEANDRE PEAKER** | * | |
| 603 Edmund Street | | |
| Aberdeen, MD 21001 | * | |
| Harford County | | |
|     **Plaintiff,** | * | Civil Action No.: _____ |
| | | |
| **v.** | * | |
| | | |
| **ABERDEEN AUTO CLEAN LLC** | * | |
| 502 S. Philadelphia Road | | |
| Aberdeen, MD 21001 | * | **JURY TRIAL REQUESTED** |
| | | |
|     <u>**Serve Resident Agent:**</u> | * | |
|     Samuel Ferraro | | |
|     502 S. Philadelphia Road | * | **FLSA COLLECTIVE ACTION** |
|     Aberdeen, MD 21001 | | |
| | * | |
| **SAMUEL FERRARO** | | **CLASS ACTION UNDER** |
| 502 S. Philadelphia Road | * | **UNDER THE MWHL & MWPCL** |
| Aberdeen, MD 21001 | | |
|     **Defendants.** | * | |

\* \* \* \* \* \* \* \* \*

## <u>COMPLAINT FOR WAGES OWED</u>

Plaintiff, DeAndre Peaker, files this lawsuit against his former employers, Defendants Aberdeen Auto Clean LLC d/b/a Astro Auto Wash (hereinafter referred to as "AAC") and Samuel Ferraro, for violations of the Fair Labor Standards Act ("FLSA"), Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL"), including unpaid minimum wages, overtime wages.

## <u>FACTS</u>

**PLAINTIFF**

1. Plaintiff is an adult resident of the State of Maryland, Harford County.

2. Plaintiff worked for Defendants off and on from approximately 2004 as a car dryer and car washer.

3. Most recently, Plaintiff was employed by Defendants from approximately early 2016 through July 2020.

4. Defendants never paid Plaintiff any minimum wages or overtime wages when Plaintiff worked over 40 hours per week in a single workweek.

5. Plaintiff's only wages earned while employed by Defendants were from tips paid by the Defendants' customers.

6. On occasion, if Defendants' car wash had a busy day, Defendant Ferraro would pay Plaintiff and the other car washers and car dryers a $60 cash "bonus".

7. Plaintiff was never paid an hourly wage for all hours worked.

8. During his employment with Defendants, Plaintiff was a non-exempt employee, entitled to minimum wages and overtime pay.

**DEFENDANTS**

9. Defendant AAC is a Maryland based, for-profit corporation operating a car wash in Aberdeen Maryland.

10. Defendant AAC does business as Astro Auto Wash.

11. Upon information and belief, Defendants AAC and Ferraro own and operate multiple car washes in Maryland.

12. Defendant Samuel Ferraro is the owner and operator of Defendant AAC

13. Defendants engage in interstate commerce by the nature of their business activities.

14. At all times relevant, Defendant AAC had an annual gross volume of at least $500,000 annually.

15. Defendant Ferraro was Plaintiff's employer because:

   a. Defendant Ferraro is the owner of Defendant AAC.

   b. Defendant Ferraro made the decision to hire Plaintiff.

   c. Defendant Ferraro made the decision to fire Plaintiff.

   d. Defendant Ferraro personally supervised the operation of Defendant AAC.

   e. Defendant Ferraro made the decision to pay Plaintiff and other car washers and dryers solely by tips.

   f. Defendant Ferraro decided when to pay Plaintiff and other car washers and dryers $60 cash "bonuses" when Defendant AAC had a busy day.

   g. Defendant Ferraro had the ultimate authority over the schedules for Defendants' employees, including Plaintiff.

   h. Defendant Ferraro set the policies and procedures by which Defendant AAC operates.

   i. Defendant Ferraro hired and fired Defendants' employees, including Plaintiff.

   j. Defendant Ferraro set Defendants' employees' work schedules, including Plaintiff's schedule.

   k. Defendant Ferraro, as owner of Defendant AAC, was the sole decision maker about the manner, amount, and payment of Plaintiff's wages.

16. Defendant Ferraro, as owner of Defendant AAC, was directly involved in the payment of Plaintiff's wages because:

   a. Defendant Ferraro set the manner and amount of pay for Defendants' employees, including Plaintiff.

    b. Defendant Ferraro had the ultimate authority over the schedules for Defendants' employees, including Plaintiff.

    c. Defendant Ferraro made the decision to pay Plaintiff and other employees employed as car dryers and car washers solely in tips via a tip pool.

    d. Defendant Ferraro made the decision about which employees were put on the work schedule, including Plaintiff.

17. The Defendants shared control and supervision of the Plaintiff.

18. The Defendants shared the power to hire and/or fire the Plaintiff.

19. The Defendants shared responsibility for functions governing Plaintiff's employment, including but not limited to, controlling Plaintiff's schedule, setting the manner in which Plaintiff was paid, directing Plaintiff's work, disciplining Plaintiff, and providing the materials Plaintiff needed to perform his work.

20. Defendants were Plaintiff's joint and co-employers within the meaning of the terms of the FLSA, 29 U.S.C. § 203(d), the MWHL, Md. Ann. Code, Labor & Employment, §3-401(b), and the MWPCL, Md. Ann. Code, Labor & Employment, §3-501.

21. Defendants are subject to the FLSA, MWHL, and the MWPCL, individually and jointly, for owed wages, including unpaid minimum wages and overtime wages.

**DEFENDANTS' WAGE VIOLATIONS**

22. Throughout all of Plaintiff's employment, Defendants failed to pay Plaintiff the required minimum wage for all hours worked as required by the FLSA, 29 U.S.C. § 206 and the MWHL, Md. Ann. Code, Labor & Employment, § 3-413.

23. Throughout Plaintiff's employment, Defendants failed to pay Plaintiff overtime wages at a rate of one and one-half times his regular rate of pay for all hours worked over 40 hours

per week, as required by the FLSA, 29 U.S.C. § 207 and the MWHL, Md. Ann. Code, Labor & Employment, § 3-415.

24. Throughout Plaintiff's employment with Defendants, Defendants failed to pay Plaintiff his owed minimum wage for all hours worked per week, as required by the MWPCL, Md. Ann. Code, Labor & Employment, §3-505.

25. Defendants did not post and keep posted notices explaining the requirements of the FLSA or the MWHL, as required by 29 C.F.R. § 516.4 and Md. Ann. Code, Labor & Employment, §3-423(b).

26. Plaintiff never supervised employees.

27. Plaintiff never exercised any discretion or independent judgement during the course of his employment for Defendants.

28. Plaintiff was never a salaried employee for Defendants.

29. Plaintiff's pay consisted entirely and only of tips. He was not paid an hourly rate.

30. Defendants never provided Plaintiff with a written statement which explained the tip credit rules.

31. Defendants were not entitled to take a tip credit based on Plaintiff's tipped wages because they failed to provided Plaintiff with a written statement which explained the tip credit rules.

32. Defendants were not entitled to take a tip credit based on Plaintiff's tipped wages because Defendants did not pay Plaintiff a minimum of $3.63 per hour for all hours Plaintiff worked, in violation of the tip credit rules under the FLSA, 29 U.S.C.§ 203(m) and MWHL, Md. Ann. Code, Labor & Employment, § 3-419(a)(1)(ii).

33. Plaintiff's typical shift schedule was Monday and Thursday from 4:00 p.m. to 2:00 a.m., and Friday and Saturday from 4:00 p.m. to 2:00 a.m. This was a set schedule of 40 hours of work per workweek.

34. In Fall and Winter, Plaintiff's schedule was Sunday, Monday, Tuesday and Wednesday 8:00 A.M. to 6:00 P.M. This was a set 40 hour workweek.

35. Defendants did not provide meal breaks or rest periods for Plaintiff.

36. Plaintiff regularly picked up one or two extra shifts per month.

37. In weeks when Plaintiff picked up extra shifts he worked anywhere from 50-70 hours per week, without overtime pay.

38. In approximately the late summer of 2019, Plaintiff began working seven days per week, every week, to help cover for a co-worker that had a stroke.

39. During that time, Plaintiff was working 70 hours per week, every week, without overtime pay.

40. Plaintiff worked 70 hours per week, every week, from approximately late summer 2019 until approximately early October 2019.

41. On October 11, 2019, Plaintiff broke his leg and was out of work until approximately February 2020.

42. In approximately February 2020, Plaintiff returned to work until his termination in July 2020.

43. Plaintiff was never required to sign-in or out on any time sheets.

44. Defendants did not keep any records of the hours worked by Plaintiff.

45. Defendant did not require Plaintiff to document and/or record his hours worked each day.

46. Defendants did not record the hours that Plaintiff worked each day.

47. At the end of each shift, all of the tips earned that day were pooled into a tip-pool and split between the car washers and car dryers.

48. Defendants did not pay Plaintiff any minimum wages for his hours worked.

49. Defendants did not issue Plaintiff paystubs.

50. Defendants did not issue Plaintiff W-2s.

51. Defendants did not withhold any taxes from Plaintiff's wages.

52. Defendants were required to pay Plaintiff the full minimum wage for all hours worked.

53. Defendants never paid Plaintiff any wage for all hours worked.

54. Defendants failed to record or keep records of all of Plaintiff's hours worked as required by the FLSA and MWHL.

55. Defendants never paid Plaintiff overtime wages at a rate of one and one-half times his regular rate of pay for all overtime hours worked in excess of 40 hours per workweek as required by the FLSA, 29 U.S.C. § 207 and the MWHL, Md. Ann. Code, Labor & Employment, § 3-415.

56. Defendants never paid Plaintiff the required minimum wage for all hours worked as required by the FLSA, 29 U.S.C. § 206 and the MWHL, Md. Ann. Code, Labor & Employment, §3-413.

57. Defendants failed to pay Plaintiff all wages due for the work that he performed before the termination of his employment, on or before the day on which Plaintiff should have been paid the wages if his employment had not been terminated, as required by MWPCL, Md. Ann. Code, Labor & Employment, §3-505.

58. Over two weeks have elapsed from the date on which the Defendants were required pay Plaintiff all owed wages as required by the MWPCL, Labor and Employment § 3- 507.2(a).

59. Defendants' failure to pay Plaintiff all wages owed was not done in good faith and was willful.

60. Defendants' failure to pay Plaintiff all wages owed was not the result of a bona fide dispute.

61. Upon information and belief, Defendants did not seek the advice and counsel of an attorney knowledgeable about the requirements of the FLSA, MWHL, or MWPCL prior to deciding not to pay Plaintiff all owed wages for all hours worked, including overtime wages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

62. This action is concurrently maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b), under Counts I and II, as to claims for unpaid minimum wages, owed overtime wages, liquidated damages, and attorneys' fees and costs under the FLSA.

63. Plaintiff agrees to be a collective action party plaintiff and his signed opt-in form is attached as Exhibit 1.

64. In addition to Plaintiff, there are numerous current and former employees of Defendants who are similarly situated to Plaintiff with regard to being subject to the same unlawful wage hour policies of the Defendants.

65. These similarly situated employees are known to Defendants and are readily identifiable and locatable through their records.

66. The many similarly situated employees were subject to the same pay policies and practices as the Plaintiffs, including:

    (a) being paid solely in tips;

    (b) not being paid the required minimum wage for all hours worked; and

    (c) not being paid overtime for hours worked over 40 hours per week.

67. The similarly situated employees were employed as car washers and/or car dryers during the three years prior to the filing of this complaint through the present.

68. The similarly situated employees were employed as car washers and/or car dryers at Defendants car washes in Maryland, including the Astro Auto Wash location where Plaintiff was employed.

69. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. §216(b), for the purpose of adjudicating their claims for unpaid and owed minimum and overtime wages, liquidated damages, and attorneys' fees under FLSA.

## CLASS ACTION FOR STATE LAW VIOLATIONS AND WILLFUL FRAUDULENT TAX FILINGS

70. Plaintiff seeks class action status on his claims arising under the MWHL and MWPCL.

71. Plaintiff seeks class action status of his MWHL and MWPCL claims for similarly situated hourly workers, employed as car washers and/or car dryers for Defendants at Defendants' car washes in Maryland, at any time during the three years prior to the filing of this Complaint through the present date, and were not paid the required minimum wages or overtime wages for all hours worked.

72. The class is so numerous that joinder of all members is impracticable because the number of workers likely exceeds 50.

73. Class action is a superior method because these workers are numerous and unknown but easily identifiable through Defendants' records.

74. Questions of law or fact common to the class, including the core claim that Defendants failed to pay Plaintiff and similarly situated employees the required minimum wage and overtime wages as required by the MWHL and MWPCL.

75. Claims and defenses of the representative parties are typical of the claims or defenses of

the class because Defendants subjected the entire workforce to the same illegal pay policies and, upon information and belief, continue to do so through the present date.

76. The representative party will fairly and adequately protect the interests of the class because the parties are similarly situated to the class and have identical claims and burdens of proof as the class. Plaintiff's litigation will further the class' interests.

77. A class action furthers judicial economy because Plaintiff's claims and class claims require the same proof and elicit the same defenses.

78. A class action reduces the risk of an unjust result to nearly identical claims due to the vagaries of litigation.

79. A class action permits unified discovery and reduces burdensome duplicate discovery and discovery disputes.

80. The class action claims are brought under Counts III and IV, and incorporate all remedies sought for Defendants' violations under those Counts and any other remedies the Court deems just.

## JURISDICTION AND VENUE

81. The jurisdiction of this Court is invoked due to the asserted violation of a federal statute and pursuant to 28 U.S.C. § 1331.

82. Venue is appropriate in this jurisdiction because the unlawful events occurred in this district.

## VIOLATIONS OF LAW

### COUNT I – FLSA CLAIM FOR OWED MINIMUM WAGES

83. All allegations of the Complaint are expressly incorporated herein.

84. Plaintiff is entitled to minimum wages under the FLSA, 29 U.S.C. § 206.

85. Defendants violated the provisions of the FLSA by failing and refusing in a willful and intentional manner to pay Plaintiff the required minimum wage for all hours worked per work week as required by the FLSA, 29 U.S.C. § 206.

86. There is no bona fide dispute that Plaintiff is owed the requested wages.

87. By reason of the aforesaid violations of the FLSA, Defendants are liable to Plaintiff in an amount equal to the unpaid minimum wages, unpaid penalties/liquidated damages, all other applicable penalties, attorney's fees and costs, and pre- and post- judgment interest.

88. Relief requested - Plaintiff requests that: (a) Defendants be ordered to pay him all minimum wages owed for all hours worked; (b) liquidated damages be assessed against the Defendants; (c) Plaintiff be awarded pre- and post- judgment interest; and (d) Plaintiff be awarded his attorney's fees and costs. In addition, Plaintiff requests that an Order be issued enjoining Defendants to comply with the FLSA.

## COUNT II – FLSA CLAIM FOR OWED OVERTIME

89. All allegations of the Complaint are expressly incorporated herein.

90. Plaintiff was an hourly, non-exempt employee, entitled to overtime pay under the FLSA, 29 U.S.C. § 207.

91. Defendants violated the provisions of the FLSA by failing and refusing in a willful and intentional manner to pay Plaintiff overtime wages at a rate of one and one-half times his regular rate of pay for all overtime hours worked in excess of 40 hours per work week, as required by the FLSA, 29 U.S.C. § 207.

92. There is no bona fide dispute that Plaintiff is owed the requested wages.

93. By reason of the aforesaid violations of the FLSA, Defendants are liable to Plaintiff in an amount equal to the unpaid overtime, unpaid overtime penalties/liquidated damages, all

other applicable penalties, attorney's fees and costs, and pre- and post- judgment interest.

94. <u>Relief requested</u> - Plaintiff requests that: (a) Defendants be ordered to pay Plaintiff all overtime wages owed for all overtime hours worked; (b) liquidated damages be assessed against the Defendants; (c) Plaintiff be awarded pre- and post- judgment interest; and (d) Plaintiff be awarded his attorney's fees and costs. In addition, Plaintiff requests that an Order be issued enjoining Defendants to comply with the FLSA.

## COUNT III – <u>MWHL CLAIM FOR UNPAID MINIMUM WAGES</u>

95. All allegations of the Complaint are expressly incorporated herein.

96. Defendants willfully and intentionally violated the provisions of the Maryland Labor & Employment Code by failing to pay Plaintiff the required minimum wage for all hours worked per work week as required by the MWHL, Md. Ann. Code, Labor & Employment, §3-413.

97. As a result of the unlawful acts of Defendants, Plaintiff has been deprived minimum wages in amounts to be determined at trial and is entitled to recovery of such amounts, plus liquidated damages, attorney's fees, and costs.

98. There is no bona fide dispute that Plaintiff is owed the requested wages.

99. <u>Relief requested</u> - Plaintiff requests that: (a) Defendants be ordered to pay him all minimum wages owed for all hours worked; (b) that Plaintiff be awarded an additional amount of liquidated damages; (c) that Plaintiff be awarded pre- and post- judgment interest; and (d) that Plaintiff be awarded his attorney's fees and costs.

## COUNT IV – <u>MWHL CLAIM FOR UNPAID OVERTIME WAGES</u>

100. All allegations of the Complaint are expressly incorporated herein.

101. Plaintiff was an hourly, non-exempt employee, entitled to overtime pay under the MWHL, Md. Ann. Code, Labor & Employment, § 3-415.

102. Defendants violated the provisions of the MWHL by failing and refusing in a willful and intentional manner to pay Plaintiff overtime wages at a rate of one and one-half times his regular rate of pay for all overtime hours worked in excess of 40 hours per work week, as required by the MWHL, Md. Ann. Code, Labor & Employment, § 3-415.

103. There is no bona fide dispute that Plaintiff is owed the requested wages.

104. By reason of the aforesaid violations of the FLSA, Defendants are liable to Plaintiff in an amount equal to the unpaid overtime, unpaid overtime penalties/liquidated damages, all other applicable penalties, attorney's fees and costs, and pre- and post- judgment interest.

105. <u>Relief requested</u> - Plaintiff requests that: (a) Defendants be ordered to pay Plaintiff all overtime wages owed for all overtime hours worked; (b) liquidated damages be assessed against the Defendants; (c) Plaintiff be awarded pre- and post- judgment interest; and (d) Plaintiff be awarded his attorney's fees and costs. In addition, Plaintiff requests that an Order be issued enjoining Defendants to comply with the MWHL.

**COUNT V – <u>MWPCL CLAIM FOR FAILURE TO TIMELY PAY ALL WAGES DUE</u>**

106. All allegations of the Complaint are expressly incorporated herein.

107. Throughout Plaintiff's employment Defendants refused to timely pay Plaintiff all wages due, including minimum wages and overtime wages, in violation of the MWPCL, Md. Code Ann., Labor & Empl. §§ 3-502 and 3-505.

108. Plaintiff's employment with Defendants ended in July 2020.

109. Defendants have not paid Plaintiff all owed wages.

110. Pursuant to the MWPCL, Md. Code Ann., Labor & Empl. § 3-502, Defendants were

obligated to pay Plaintiff for all wages earned on a regular basis.

111. Defendants' actions in failing to pay Plaintiff all wages owed for all hours worked was a willful violation of the MWPCL.

112. Over two weeks have elapsed from the date on which the Defendants were required to have paid Plaintiff all owed wages as required by the MWPCL, Md. Code Ann., Labor & Empl. § 3- 507.2(a).

113. There is no bona fide dispute as to the wages owed to Plaintiff.

114. <u>Relief requested</u> - Plaintiff requests that: (a) Defendants be ordered to pay him all owed wages; (b) Plaintiff be awarded treble damages; (c) that Plaintiff be awarded pre- and post-judgment interest; and (d) Plaintiff be awarded his attorney's fees and costs.

Respectfully submitted,

_/s/ Richard P. Neuworth_
Richard P. Neuworth, Bar No. 01052
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Towson, Maryland 21204
tel. 443.273.1202
fax. 410.296.8660
rn@joblaws.net

_/s/ Devan M. Wang_
Devan M. Wang, Bar No. 30211
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Towson, Maryland 21204
tel. 443.273.1207
fax. 410.296.8660
dw@joblaws.net

*Attorneys for the Plaintiff*

## REQUEST FOR JURY TRIAL

Plaintiff requests that a jury of his peers hear and decide all of the claims asserted in this Complaint.

_____
Devan M. Wang, #30211